UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
INTEGRITY ELECTRONICS, INC.,

                Plaintiff,

                **ORDER**

        - against -                09 CV 2367 (ILG)

GARDEN STATE DISTRIBUTORS, INC.,
et. al.

                Defendants.
-----------------------------------------------------------X

On June 4, 2009, plaintiff Integrity Electronics, Inc. filed this action against defendants seeking to recover over $400,000 for goods sold and delivered. The course of discovery has been repeatedly delayed by the actions of either defendants or defendants' counsel, Charles Whittier, Esq. For instance, on June 18, 2010, the Court Ordered defendants to produce certain documents to the Court by July 15, 2010. Not until the day those documents were due, however, did Mr. Whittier file a letter requesting additional time to file those documents. The Court also held a status conference on February 16, 2011, but Mr. Whittier failed to appear for the conference and did not provide an explanation for his absence until February 18, 2011.

The Court rescheduled the status conference for February 22, 2011, at which time the Court set a date of March 31, 2011 for the parties to exchange discovery requests and April 29, 2011 for responses to the discovery requests. On April 1, 2011, the parties submitted a joint motion extending the deadlines by three weeks, which the Court So Ordered the same day.

On June 28, 2011, plaintiff filed a Status Report, informing the Court that defendants have

still not provided any responses to plaintiff's interrogatories or document requests.[1] The Court held a status conference on June 30, 2011, at which Mr. Whittier confirmed that he had not sent discovery responses to plaintiff.

Federal Rule of Civil Procedure 37(b)(2) gives courts broad authority to ensure compliance with discovery orders. "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Included among the "further just orders" are the following: "(ii) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; . . . (iii) striking pleadings in whole or in part; . . . (v) dismissing the action or proceeding in whole or in part; (vi) rending a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Given the numerous delinquencies in discovery, as well as the resulting delays, the Court Orders defendants to provide written responses to interrogatories and responsive documents by July 15, 2011. <u>No extensions will be granted.</u> By defaulting on their discovery obligations, defendants have also waived any objections to the requests. See, e.g., Michael Grecco Photography, Inc. v. Everett Collection, Inc., No. 07 Civ. 8171, 2008 WL 4580024, at *3 (S.D.N.Y. Oct. 14, 2008); see also Fed. R. Civ. P.33(b)(4) ("Any ground [for objection] not stated in a timely objection is waived, unless the court, for good cause, excuses the failure"). By July 15, 2011, counsel for defendants

---

[1] It is unclear whether defendants have served their own requests, but given that the deadline has long passed and there was no mention of the defendants' requests for discovery, the Court presumes that they have been fully responded to or, if not served, have been waived.

2

must file with the Court a letter verifying the production of discovery responses. Should defendants fail to comply with this Order, the Court will impose monetary sanctions, recommend that the Answer be stricken, and recommend entry of default. Mr. Whittier is directed to send a copy of this Order on his clients via regular mail and email, and to submit proof thereof in his letter to the Court.

**SO ORDERED.**

Dated: Brooklyn, New York
June 30, 2011

Cheryl L. Pollak
United States Magistrate Judge