UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
INTEGRITY ELECTRONICS, INC.,

        Plaintiff,                                         MEMORANDUM AND ORDER

        - against -                                       09 Civ. 2367 (ILG) (CLP)

GARDEN STATE DISTRIBUTORS, INC. and
G.S.D. MARKETING GROUP, INC.,

        Defendants.
-------------------------------------------------------x
GLASSER, Senior United States District Judge:

        Defendants Garden State Distributors, Inc. and G.S.D. Marketing Group, Inc. have filed objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) to the Report and Recommendation of Magistrate Judge Cheryl L. Pollak, dated January 6, 2012 (Dkt. No. 100) (the "R&R") recommending that the Court (1) strike defendants' answer and counterclaims and enter a default judgment against them pursuant to Fed. R. Civ. P. 37(b)(2)(A); (2) order defendants to pay plaintiff's reasonable attorney's fees and expenses pursuant to Fed. R. Civ. P. 37(b)(2)(C); and (3) refer the case to her to conduct an inquest into the amount of damages, interest, and reasonable attorney's fees and expenses pursuant to Fed. R. Civ. P. 37(b)(2)(C) to which plaintiff is entitled. For the reasons stated below, the Court adopts the R&R in its entirety.

**DISCUSSION**

**I. Standard of Review**

        Neither party discusses the standard under which a district court should review a magistrate judge's report and recommendation, but Rule 72 of the Federal Rules of Civil Procedure and the Federal Magistrate's Act, 28 U.S.C. §§ 631 et seq., each provide it.

Under both the Rule and the Statute, the standard depends on whether the issue decided by the magistrate judge is dispositive of a party's claim or defense. With respect to dispositive matters such as the one presented here, Rule 72(b)(1) provides, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b)(1). Portions of the disposition to which the parties have not objected are reviewed for clear error. See, e.g., Orellana v. World Courier, Inc., No. 09 Civ. 576 (NGG) (ALC), 2010 WL 3861013, at *2 (E.D.N.Y. Sept. 28, 2010) (citing Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001)).

## II. Default Judgment & the Striking of Defendants' Pleadings is Warranted

Defendants object to Judge Pollak's recommendation that the Court render default judgment against them and strike their pleadings on two grounds—that (1) such a sanction is "only to be administered in the most extreme circumstances to redress the most flagrant discovery abuses" and that their behavior falls short of this very high standard, Defendants' Memorandum of Law dated Jan. 23, 2012 ("Defs.' Mem.") at 10 (Dkt. No. 102), and (2) before filing a motion for sanctions pursuant to Rule 37 for insufficient discovery responses, plaintiff was required to move "for and obtain an order compelling more satisfactory answers" before sanctions could be applied, Defs.' Mem. at 15. Both of these arguments are meritless.

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides in relevant part, "[i]f a party or a party's officer, director, or managing agent . . . fails to obey an order to

provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include . . . (iii) striking pleadings in whole or in part; . . . (vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). Since the text of Rule 37 requires only that the Court's orders be "just," the Court has wide discretion in imposing sanctions under Rule 37. S.E. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citation omitted). Nevertheless, several non-exclusive factors are useful in determining whether the Court should exercise this discretion: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)).

With respect to defendants' first contention—essentially that the recommended sanctions are too harsh—while it is true that this Circuit has stated that a "default imposed pursuant to Rule 37 is a 'drastic remedy' generally to be used only when the district judge has considered lesser alternatives," Global NAPs, 624 F.3d at 144 (quoting John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)), at the same time, it has repeatedly stressed that "'discovery orders are meant to be followed,'" id. (quoting Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995), and that "dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned," id. (citations and internal quotation marks omitted). Judge Pollak concluded that defendants' consistent failure to comply with her discovery orders

3

satisfied this standard and that default judgment against defendants and the striking of their pleadings was therefore justified. The Court agrees.

Defendants not only repeatedly violated Judge Pollak's discovery orders during the jurisdictional phase of discovery, see R&R at 3 n.2 ("It was not until 9 months of discovery disputes and repeated Court Orders that defendants provided the information necessary to evaluate the question of jurisdiction."),[1] but also failed to timely comply with a number of her orders during the merits phase of discovery, R&R at 4-8. For instance, defendants' counsel failed to appear at a status conference ordered for February 16, 2011, offering no excuse for his absence until days later, and then subsequently failed to adhere to Judge Pollak's orders with respect to the serving of discovery responses, after being granted a number of extensions (including an extension nunc pro tunc) to do so. Id. at 4-5. Further, even after Judge Pollak on June 30, 2011

---

[1] Defendants state that on page 11 of the R&R Judge Pollak "refers to 6 different violations of discovery orders by the defendants, but does not specify their dates or the manner in which they were violated, thus making it impossible for defendants to adequately respond to these [sic]." Defs.' Mem. at 12 n.21. Not so. Judge Pollak discusses in detail defendants' violation of her orders in the background section of the R&R. R&R at 2, 3 & n.2, 4-8.

The Court also finds unpersuasive defendants' contention that they did not have sufficient notice that they could be subject to sanctions for their previous disregard of court orders. Defs.' Mem. at 12. In her June 30, 2011 order, Judge Pollak explicitly warned defendants that failure to comply with the order would result in her recommending that the Court impose monetary sanctions, strike defendants' answer, and render default judgment. Order dated June 30, 2011 (the "June 30th Order") at 2-3 (Dkt. No. 89). She stressed, moreover, that "[t]he course of discovery has been repeatedly delayed by the actions of either defendants or defendants' counsel" and that the very purpose of issuing such a warning was defendants' past conduct: "[G]iven the numerous delinquencies in discovery, as well as the resulting delays, the Court Orders defendants to provide written responses to interrogatories and responsive documents by July 15, 2011." Id.

(1) notified defendants that because of their lack of timely objections to plaintiff's discovery requests, she considered all objections to the requests to have been waived; (2) required responses to plaintiff's outstanding discovery requests by July 15, 2011; and (3) warned defendants that if they failed to respond to the discovery requests by that date she would recommend that the Court strike their answer, render default against them, and impose monetary sanctions, June 30th Order at 2-3, defendants nevertheless still failed to comply with the order. Although it appears that defendants did purport to respond to plaintiff's discovery requests by the July 15, 2011 deadline, their "responses" were by any measure inadequate.

As for plaintiff's document requests, defendants either objected to them as "imprecise and overbroad in the extreme"—in violation of the June 30th Order's mandate that all objections to the requests were deemed waived—or claimed the requested documents either did not exist or were contained in a file kept by the defendants that had "been temporarily misplaced." Affirmation of Charles A. Whittier dated Jan. 21, 2012 ("Whittier Aff.") Ex. J (Dkt. No. 101). While a court cannot compel the production of documents that do not exist, see, e.g., Atwell v. City of New York, No. 07 Civ. 2365 (WHP), 2008 WL 5336690, at *1 (S.D.N.Y. Dec. 15, 2008) (citations omitted) ("[A] party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production."), it strains credulity that such a scenario actually existed here.[2] A majority

---

[2] It was not until September 2, 2011, after plaintiffs have moved for sanctions pursuant to Fed. Civ. P. 37, that defendants located and served a small number of documents on plaintiff but these documents, too, were largely unresponsive.

of defendants' responses to plaintiff's interrogatories were similarly faulty—defendants again either were purportedly unable to answer the interrogatory "due to the fact that the files containing [the requested] information ha[d] been temporarily misplaced" or objected to it as "imprecise and overbroad in the extreme," again even though Judge Pollak had ordered all objections to the interrogatories waived. Whittier Aff. Ex. J. As Judge Pollak aptly noted, "[h]ad there been a legitimate basis to object to specific requests as vague or overbroad, defendants had over two months to raise their concerns with plaintiff's counsel or to issue formal written objections in accordance with the procedures set forth in the Federal Rules of Civil Procedure." R&R at 11. Defendants nevertheless failed to do so.

Defendants' repeated failure to comply with Judge Pollak's discovery orders warrant the striking of defendants' pleadings and the grant of default judgment against them pursuant to Fed. R. Civ. P. 37(b)(2)(A). All of the relevant factors militate in favor of this conclusion. First, defendants' repeated failure to comply with Judge Pollak's orders indicates that the delay was, if not willful, at the very least defendants' fault. This is so even though defendants' counsel claims that defendants' director, Mr. Charles Elmann ("Elmann"), suffers from "diabetes, high-blood pressure and heart ailments," Defs.' Mem. at 8, that prevented him from discussing the case with counsel. See Bambu, 58 F.3d at 853 (rejecting purported illness of client as excuse for non-compliance with discovery orders and affirming default judgment against them as sanction); cf. Agiwal, 555 F.3d at 303 (noting that plaintiff's "alleged health problems . . . cannot excuse his

---

Memorandum of Law in Opposition to Defendants' Objections dated Feb. 27, 2012 at 46 (Dkt. No. 111); see also R&R at 11.

repeated failures to comply with the Magistrate Judge's orders" and affirming dismissal of complaint as sanction pursuant to Fed. R. Civ. P. 37(b)(2).[3] Second, lesser sanctions would not be effective because a further discovery order would multiply proceedings in this action, which has already been unnecessarily delayed, and "any sanction short of a default judgment would permit the recalcitrant parties to benefit from their . . . obstruction." Bambu 48 F.2d at 853 (citation omitted). In any event, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." Global NAPS, 624 F.3d at 148 (citation omitted). Third, as for the duration of the period of non-compliance, defendants' recalcitrance and inability to comply with Judge Pollak's discovery orders has delayed this action since its inception in 2009. Finally, there is no question that defendants had notice of the consequences of further non-compliance with Judge Pollak's orders as she explicitly warned them that non-compliance would result in a recommendation that the Court strike their answer, render default judgment against them, and impose monetary sanctions. June 30th Order at 2-3.

Defendants' second contention—that plaintiff was required to move "for and obtain an order compelling more satisfactory answers" before sanctions could be applied, Defs.' Mem. at 15—is also unavailing. Defendants rely on Harbor Seafood, Inc. v. June Foods Holding Corp., No. 87 Civ. 0926, 1988 WL 69850 (S.D.N.Y. June 3, 1988), in support of this argument. Yet Harbor Seafood does not help defendants; that case merely stands for the unobjectionable proposition that "[a] motion for sanctions, in the absence of a prior order pursuant to Rule 37(a) requiring satisfactory answers [to

---

[3] Defendants have presented no evidence of Elmann's alleged health problems.

interrogatories], is improper." Id. at *1.  Judge Pollak on June 30, 2011 issued just such a "prior order" here, giving defendants one last opportunity to comply with plaintiffs' discovery requests after repeatedly failing to provide any answers, let alone satisfactory ones, to them.  In any event, Harbor Seafood did not involve noncompliance with discovery orders at all but instead the question of the adequacy of the defendant's responses to certain interrogatories.  Id.  Here, by contrast, the sanctions Judge Pollak recommended were not only the result of defendants' woefully inadequate responses to plaintiff's discovery requests but also defendants' sustained history of intransigence and their failure to fully comply with the June 30, 2011 order and the earlier discovery orders in this case.

In sum, it was entirely appropriate for Judge Pollak to consider the prior proceedings before her in determining the proper sanction to impose on defendants, see Global NAPs, 624 F.3d at 144 ("The district court is free to consider 'the full record in the case in order to select the appropriate sanction.'" (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (2002))), and, in light of the record in this case, Judge Pollak's recommended sanctions were entirely appropriate as well.  "[D]iscovery orders are meant to be followed.  A party who flouts such orders does so at his peril. . . . . If one suggests that [the Court's] decision today is strong medicine, that is precisely what it is intended to be."  Bambu, 58 F.3d at 853 (citation and internal quotation marks omitted).  Accordingly, for all of the foregoing reasons, the Court hereby strikes defendants' answer and enters default judgment against defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A).

**III.    Fees and Expenses Pursuant to Rule 37(b)(2)(C) are Warranted**

Plaintiff is also entitled to the reasonable attorney's fees and expenses incurred in connection with plaintiff's counsel's efforts to enforce Judge Pollak's discovery orders. Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure provides that instead of or in addition to other sanctions for failure to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added); see also Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008) (noting in dicta that "use of the word 'shall' certainly suggests that an award of expenses is mandatory unless one of the two exceptions—substantial justification or other circumstances—applies"). For the reasons already discussed above, defendants' repeated failures to comply with Judge Pollak's orders were not "substantially justified." Nor have defendants offered any relevant reason why an award of sanctions would be unjust.[4] An award of reasonable attorney's fees and expenses pursuant to Fed. R. Civ. P. 37(b)(2)(C) is thus warranted. As for Judge Pollak's conclusion that defendants alone shall be responsible for paying the fees

---

[4] Instead, defendants merely state that "plaintiff is not entitled to attorney's fees because it did not serve a Notice of Demand with a full statement of account to the defendants prior to filing this action, therefore the plaintiff did not seek to avoid litigation through settlement and negotiation, as required by the FRCP and local procedure." Defs.' Mem. at 16-17. This argument is a non sequitur. Plaintiff was not required to attempt to settle its dispute with defendants before bringing suit, and this contention thus has no bearing on the Court's analysis.

9

and expenses—a determination to which no party has objected—the Court finds no clear error in that conclusion.

## IV. Referral to Judge Pollak Regarding Plaintiff's Damages & Fees

The Court hereby refers this case to Judge Pollak to conduct an inquest, whether through a hearing or by affidavit, to determine the amount of (1) plaintiff's damages, including pre-judgment interest, and (2) attorney's fees and expenses to which plaintiff is entitled pursuant to Fed. R. Civ. P. 37(b)(2)(C).[5]

## CONCLUSION

For all of the foregoing reasons, the R&R is hereby adopted in its entirety. Default judgment is granted against defendants and defendants' answer and counterclaims are stricken. This case is referred to Judge Pollak to conduct an inquest to determine the amount of plaintiff's damages, including pre-judgment interest, and the attorney's fees and expenses to which plaintiff is entitled pursuant to Fed. R. Civ. P. 37(b)(2)(C). Defendants' counsel is warned that the Court will not countenance any further unnecessary multiplication of the proceedings in this action and that a failure to abide by this admonition may result in sanctions. See 28 U.S.C. § 1927.

SO ORDERED.

---

[5] Plaintiff has provided the Court with a submission in which it maintains, among other things, that no evidentiary hearing is necessary to determine the damages to which it is entitled. Plaintiff's Additional Concession Showing the Lack of a Need for an Evidentiary Hearing dated Mar. 13, 2012 (Dkt. No. 112). This Circuit has held that a court is not required to hold a hearing where it has "'ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). Judge Pollak is perfectly well suited to make the determination whether a hearing is necessary in light of plaintiff's latest submission.

Dated:   Brooklyn, New York
         March 28, 2012

                                          /s/
                                     ──────────────────
                                     I. Leo Glasser
                                     Senior United States District Judge